## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 22-mj-02251-Torres

**UNITED STATES OF AMERICA**

vs.

**JOSEPH JOEL JOHN,**

      **Defendant.**
_____/

## JOINT MOTION
## REQUESTING A CONTINUANCE OF THE ARRAIGNMENT

NOW COMES the United States of America, by and through its undersigned attorney, and respectfully requests, jointly with the Defendant, a 60-day continuance of the arraignment in this case. In support of this motion, the government states:

1. This matter involves the investigation of the assassination of the former President of Haiti, Jovenel Moise. Pursuant to that investigation, the Defendant was charged via complaint with Providing Material Support Resulting in Death, in violation of Title 18, U.S.C., Section 2339A, and participating in a Conspiracy to Kill or Kidnap outside the United States, in violation of Title 18, U.S.C., Section 956(a)(1).

2. On May 9, 2022, the defendant made his initial appearance after having been extradited from Jamaica. Defense counsel was appointed under the Criminal Justice Act at that initial hearing. The Court set the arraignment or preliminary hearing for May 23, 2022. For the reasons stated herein, the parties jointly request a continuance of 60 days for arraignment.

1

3. The defendant is currently in quarantine, and therefore defense counsel has been unable to personally meet with his client. Additionally, defense counsel has prearranged foreign travel for which he will be out of the country for two weeks. Therefore, and as an initial matter, defense counsel requests additional time to meet with his client personally and to discuss the nature of the charges. The Defendant agrees to this continuance and has executed a Waiver of Statute Right to Speedy Trial. *See* Docket Entry 8.

4. Additionally, this case is complex (as was noted in related cases where continuances were also granted, *see United States v. Palacios*, 22 CR 20104-JEM, and *United States v. Jaar*, 22-mj-02070-Louis) and both parties would benefit from the requested additional time. The Defendant would use the additional time to meet with his attorney, review the discovery, prepare his defense, and engage in plea negotiations with the government – which plea negotiations could be affected if the government were to quickly seek an indictment of the Defendant. The government too would benefit from additional time to assure that it has been complete in its gathering of evidence and can accurately present the facts that will ultimately result in this Defendant's indictment.

5. Additionally, the government has started the process of providing discovery to the Defendant and the request for a continuance will not cause any delays as to that process.

6. Therefore, the government respectfully requests, jointly with the Defendant, a 60-day continuance of the arraignment, and submits that the Court should find that there is good cause

to continue the arraignment and exclude time under the Speedy Trial Act, that such continuance does not constitute unnecessary delay and outweighs the Defendant's and the corresponding public's right to a speedy indictment.

                                  Respectfully submitted,

                                  JUAN ANTONIO GONZALEZ
                                UNITED STATES ATTORNEY

BY:      /s/_____
                                ANDREA GOLDBARG
                                ASSISTANT UNITED STATES ATTORNEY
                                Court ID No. A5502556
                                99 N. E. 4th Street
                                Miami, Florida   33132-2111
                                TEL (305) 961-9309
                                Andrea.Goldbarg@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I filed the foregoing document with the Clerk of the Court and served copies to defendant via ECF on May 19, 2022.

                                              /s/
                                       Andrea Goldbarg
                                       Assistant United States Attorney